JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | |
|---|---|
| Priority | |
| Send | |
| Enter | |
| Closed | |
| JS-5/JS-6 | |
| Scan Only | |

**CASE NO.:** ED CV 13-01481 SJO (DTBx)      **DATE:** September 10, 2013

**TITLE:** April Fratzke v. The Northwestern Mutual Life Insurance Company, et al.

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                               Not Present
Courtroom Clerk                              Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**     **COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present                                   Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER REMANDING ACTION TO RIVERSIDE COUNTY SUPERIOR COURT** [Docket No. 1]

This matter is before the Court on Defendant The Northwestern Mutual Life Insurance Company's ("Northwestern Mutual") Notice of Removal from Riverside County Superior Court ("Notice"), filed on August 19, 2013. For the following reasons, the Court **REMANDS** this action to the Superior Court of California, County of Riverside ("Riverside County Superior Court").

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff April Fratzke ("Plaintiff") is an individual residing in California. (*See* Notice Ex. A ("Complaint"), at 7.) Northwestern Mutual is a Wisconsin Corporation with its principal place of business in Milwaukee, Wisconsin. (Notice ¶ 9.) On June 28, 2013, Plaintiff filed the Complaint against Defendants in Riverside County Superior Court. (*See generally* Compl.) In her Complaint, Plaintiff seeks to resolve the ownership of life insurance policies insuring her now-deceased fiancé and her fiancé's still-living father. (*See generally* Compl.) As such, she has also included the competing claimants to the policies in the suit. (Compl. ¶¶ 6-7.) These claimants are also residents of California. (Notice ¶¶ 7-8.)

Plaintiff claims ownership, beneficiary status, and entitlement to proceeds from the disputed life insurance policies. (Compl. ¶ 8, Prayer.) She seeks declaratory relief, immediate payment of the claims insuring her fiancé, an order declaring her the lawful owner and beneficiary of the claims insuring her fiancé's father, and litigation costs. (Compl., at Prayer.) On August 19, 2013, Northwestern Mutual removed the action to this Court on the basis of diversity jurisdiction. (Notice 1.)

/ / /

/ / /

II. DISCUSSION

JS-6
## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 13-01481 SJO (DTBx)</u>　　　DATE: <u>September 10, 2013</u>

Northwestern Mutual's Notice asserts that removal is proper based on diversity jurisdiction. (*See generally* Notice.) A defendant may remove an action to federal court on the basis of diversity jurisdiction if (1) there is complete diversity between the adverse parties in the action; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) . "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court must remand the case. 28 U.S.C. § 1447(c). A district court may raise the issue of subject matter jurisdiction *sua sponte* any time during the pendency of an action. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). The Court finds it proper to determine whether there is federal subject matter jurisdiction over this action.

Northwestern Mutual alleges that the amount in controversy with respect to this action exceeds $75,000.00. (Notice ¶¶ 11-12.) There is a strong presumption against removal based on diversity jurisdiction, and the removing party has the burden of establishing that removal is proper. If it is not facially evident from the Complaint that the amount in controversy exceeds $75,000.00, the removing party must prove, by a preponderance of the evidence, that the amount in controversy satisfies the jurisdiction threshold. *Matheson*, 319 F.3d at 1090; *accord Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). In determining whether federal subject matter jurisdiction exists, a district court may consider facts "presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at time of removal.'" *Matheson*, 319 F.3d at 1090 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). A removing party may not properly remove an action "based simply upon conclusory allegations" where the plaintiff has not demanded a specified damages amount. *Singer*, 116 F.3d at 377 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

Here, the amount in controversy is not facially evident from the Complaint, and therefore Northwestern Mutual must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. In the Notice, Northwestern Mutual states: "The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. (The insurance benefits in dispute alone far exceed $75,000.)" (Notice ¶ 11.) Northwestern Mutual also states that Plaintiff "claims entitlement to life insurance benefits under two policies issued by Northwestern Mutual, as well as ownership of two additional policies . . . and an award of costs of litigation, all of which would exceed the $75,000 jurisdictional limit." (Notice ¶ 12.) Other than these statements, Northwestern Mutual does not proffer any other support to show that the amount in controversy exceeds $75,000.00. (*See generally* Notice.) Northwestern Mutual's assertion that the amount in controversy exceeds $75,000.000 is based on mere conclusory allegations, and therefore Northwestern Mutual has failed to satisfy its burden of proof. Accordingly, the Court **REMANDS** this action to Riverside County Superior Court for lack of subject matter jurisdiction.

III.　　RULING

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**CASE NO.:** CV 13-01481 SJO (DTBx)     **DATE:** September 10, 2013

For the foregoing reasons, the Court **REMANDS** this action to Riverside County Superior Court. This action shall close.

IT IS SO ORDERED.